**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUDY B. JUREK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-01451 |
| | § | |
| | § | |
| WILLIAMS WPC-I, INC. , *ET AL.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In this employment discrimination case, Judy B. Jurek sued several entities, asserting claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 20 U.S.C. § 1001 *et seq.* In the original complaint, filed on May 8, 2008, Jurek named two groups of defendants: Williams WPC-I, Inc., Williams GP, Inc., Williams Field Services Company, LLC, Williams Gas Pipeline Company, LLC, The Williams Companies, Inc. (the "Williams Defendants"); and Unum Group, Unum Group f/k/a UnumProvident Corporation, Unum Group d/b/a Unum Life Insurance Company of America, and Unum Group d/b/a Unum Life Insurance of America Third Party Plans (the "Unum Defendants"). (Docket Entry No. 1). Jurek noted in the complaint that she had a pending EEOC Charge of Discrimination against "The Williams Companies" for claims based on the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, Title VII of the Civil Right of 1964, 42 U.S.C. § 2000e, and the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and that she would seek leave to amend to add these claims once the administrative process was completed.

Jurek has now moved for leave to amend her complaint to add both claims and defendants. She seeks to add Title VII, ADA, and ADEA claims against the Williams Defendants that she had already sued. (Docket Entry No. 25). The Williams Defendants do not oppose Jurek's motion for leave to amend to add these new claims against them. Jurek also seeks to amend to add the following additional defendants: Williams Field Services-Gulf Coast Company, L.P ("Gulf Coast Company"); Williams Field Services Group, Inc.; Williams Field Services Group, LLC; and Williams Energy Services. The Williams Defendants have stipulated that Gulf Coast Company was Jurek's employer and do not oppose the amendment to add this entity as a defendant. (Docket Entry No. 28).

In the proposed amended complaint, Jurek alleges that Williams Field Services Group, Inc. is the general partner of Gulf Coast Company, Williams Field Services Group, LLC is a partner in Gulf Coast Company, and that Williams Energy Services is the parent company of Williams Field Services Group, LLC. (Docket Entry No. 25, Ex. A, at ¶¶ 12 - 14). Jurek alleges that the "Williams Defendants" are an integrated enterprise. (*Id*., Ex. A, at ¶ 20). In the motion for leave, Jurek states that she adds these entities based on the "the Secretary of State website," which suggests they are interrelated. (*Id*. at 2). The Williams Defendants oppose the motion for leave to amend to add Williams Field Services Group, Inc., Williams Field Services Group, LLC, and Williams Energy Services as defendants on the basis that these entities were not Jurek's employer and that the amendment would be futile because

2

these entities were not named in Jurek's EEOC Charge of Discrimination. (*Id.*).

The Unum Defendants oppose the proposed amended pleading because "Unum Group, Unum Group f/k/a UnumProvident Corporation, and Unum Group d/b/a Unum Life Insurance of America Third Party Plans are not proper parties to this action." (Docket Entry No. 26). The Unum Defendants assert that Unum Life Insurance Company of America is the proper party but was misnamed as Unum Group d/b/a Unum Life Insurance Company of America. Counsel for Unum Life Insurance Company has advised Jurek's counsel of this error and asked that the improper parties be removed from the amended complaint and that Unum Life Insurance Company of America be named as the proper party defendant.

Based on a careful review of the pleadings, the motion, response, and reply, the parties' submissions, and the applicable law, this court grants Jurek's motion for leave to file the amended complaint to add the discrimination and retaliation claims under Title VII, the ADA, and the ADEA, and to add a separate claim for retaliation under the FMLA and ERISA, to add Gulf Coast Company as a defendant, and to correct the name of the defendant, Unum Life Insurance Company of America (as opposed to the Unum Group d/b/a Unum Life Insurance Company of America). The reasons are set out below.

**I.     Background**

In her original and amended complaint, Jurek alleges that she began working for one of the Williams Companies in 1981. The Williams Companies, Inc. is the parent company of a number of affiliated or related companies. Jurek's last position at Williams Field Services–Gulf Coast Company was as Coordinator of Operations and Maintenance ("COM").

In her original complaint, Jurek alleged that after suffering a seizure in May 2005, she took FMLA leave. After thirty days, she began to work from home a few days a week. Jurek alleged that in December 2005, although she had received a release from her doctor to return to work, the Operations and Maintenance Supervisor directed her to remain on leave. (Docket Entry No. 1, at ¶¶ 28–36). Jurek further alleged that while on leave, her COM position was filled by Josh Kahanek, a technician who had worked for Gulf Coast Company for approximately one year. (*Id.*, at ¶ 38). In August 2007, Carole Raulston, a Human Resources employee, directed Jurek to apply for other positions "within Williams" because her previous COM position with Williams Field Services–Gulf Coast Company was no longer available. (*Id.*, at ¶ 42). In October 2007, Jurek applied for another COM position within the Williams Companies but was not hired. (*Id.*, at ¶ 44). On December, 20, 2007, Raulston informed Jurek that if she was unable to gain employment within the Williams Companies by February 29, 2008, her job would be terminated. (*Id.*, at ¶ 46).

Kahanek was subsequently transferred to another position and Jurek's previous COM position with Williams Field Services became available. (*Id.*, at ¶ 47). Jurek applied for the COM position in January 2008, but she was not hired. (*Id.*, at ¶ 49). Jurek alleged that since October 2007, she had applied for twelve different positions within the Williams Companies, without success. (*Id.*, at ¶ 50). On March 20, 2008, Jurek was notified that her job termination would be effective on April 1, 2008. (*Id.*, at ¶ 51).

Jurek filed this lawsuit on May 8, 2008. In her original complaint, Jurek alleged that the Williams Defendants violated the FMLA by terminating her position while she was on

leave and by not reinstating her to that position when she returned to work. Jurek also alleged that by terminating her position, the Williams Defendants and the UNUM Defendants wrongfully interfered with her benefits under her employment benefit plan, in violation of ERISA.

Jurek filed an EEOC complaint against "The Williams Companies," alleging violations of Title VII, the ADA, and the ADEA. The EEOC issued Jurek a right-to-sue letter on January 16, 2009. On March 5, 2009, Jurek moved for leave to amend her complaint. In the proposed amended complaint, Jurek alleges that the Williams Defendants used her age, sex, and epilepsy as factors in its employment decisions, violating the ADEA, Title VII, and the ADA. (Docket Entry No. 25, Ex. A, at ¶¶ 74–93, 96–103). In the proposed amended complaint, Jurek adds as a defendant Williams Field Services–Gulf Coast Company, L.P., which the defendants have stipulated was her employer. The defendants do not oppose this pleading amendment. The disputed issues are whether Jurek may also add Williams Field Services Group, Inc., Williams Field Services Group, LLC, and Williams Energy Services, LLC. The basis for adding these entities is that they were "identified as interrelated companies of Williams Field Services – Gulf Coast Company, L.P." in a search of the Secretary of State's records. (Docket Entry No. 25, at 4). Jurek states that if discovery shows that they are not parties, she will dismiss them. (*Id.*, at 5). The defendants argue that they should not be included because they did not employ Jurek and she did not include them in the EEOC complaint.

**II.     The Applicable Legal Standards**

Under Rule 15(a), after a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). Rule 15(a) instructs that "[t]he court should freely give leave when justice so requires," a standard that "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The decision to grant or deny leave to amend is within the trial court's sound discretion. A court should consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). In the absence of any of these factors, the requested leave should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of the first four factors applies here. The defendants do not argue, and the record provides no basis to find, undue delay, bad faith, dilatory motive, or undue prejudice. The fifth factor, futility, means that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, the court is to apply "the same standard of legal sufficiency

6

as applies under Rule 12(b)(6)." *Id.* To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

In the proposed amended complaint, Jurek alleges that Williams Field Services- Gulf Coast Company, L.P. was her actual employer. (Docket Entry No. 25, Ex. A, at ¶13). The Williams Defendants have stipulated that Gulf Coast Company was Jurek's employer. The only ground Jurek offers for adding as defendants Williams Field Services Group, Inc., Williams Field Services Group, LLC, and Williams Energy Services, LLC, is that the Secretary of State website suggests they are related to Gulf Coast. The original and amended proposed amended complaint includes the allegation that the "Williams Defendants" are an integrated enterprise. (*Id.*, at ¶ 20).

The Williams Defendants argue that an amendment to add Williams Field Services

Group, Inc., Williams Field Services Group, LLC and Williams Energy Services as defendants would be futile because even if the additional defendants were related to Williams Field Services- Gulf Coast Company, LP, that is insufficient to support the addition of defendants that were not Jurek's employer in this employment discrimination suit. The Williams Defendants also argue that amending to add Williams Field Services Group, Inc., Williams Field Services Group, LLC and Williams Energy Services as defendants would be futile because Jurek's EEOC Charge of Discharge only named "The Williams Companies." Because Jurek did not file an EEOC Charge of Discrimination against Williams Field Services Group, Inc., Williams Field Services Group, LLC, and Williams Energy Services, the claims against them are unexhausted and leave to amend to add these parties should be denied.

Under Title VII, the ADEA, the ADA, and the FMLA, a defendant cannot be liable for employment actions unless it qualifies as an employer under the statute. The integrated enterprise theory was developed to construe the term "employer" broadly to include superficially distinct entities that are sufficiently interrelated to constitute a single, integrated enterprise. The factors to be considered in determining whether separate entities constitute a single, integrated enterprise are: (1) interrelated operations; (2) centralized control of labor operations; (3) common management; and (4) common ownership or financial control. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983). In *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773 (5th Cir. 1997), the Fifth Circuit reasoned that all of the integrated-enterprise factors ultimately focus "on the question whether the parent corporation

was a final decision-maker in connection with the employment matters underlying the litigation," and that "all four factors are examined only as they bear on this precise issue . . . ." *Id.* at 777. Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations. This criterion has been further refined to the point that "[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Johnson v. Crown Enters., Inc.,* 398 F.3d 339, 343 (5th Cir. 2005).

If there is no integrated enterprise, the plaintiff has no basis to recover against these defendants because they did not employ her and she did not assert a claim against them in her EEOC charge. Before bringing a Title VII action in federal district court, a plaintiff must first file an administrative charge with the EEOC. *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). "A corollary of this general rule is that a party must be named in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge . . . .'" *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir.1987); *see also Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988) (citing *Romain v. Kurek*, 777 F.2d 281, 283 (6th Cir. 1985)). Two goals are served by requiring a plaintiff to name the Title VII defendant in the charge filed with the EEOC. "First, the charge serves to notify the defendant of the discrimination claim alleged against him." *Romain*, 836 F.2d at 245 (citing *Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer*, 455 U.S. 1017 (1982); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th

Cir. 1981)). "Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act." *Id.* One way to show that a party shares an identity of interest with another party so as to justify a failure to name the party on the EEOC charge is that there is an integrated-enterprise relationship between them.

Jurek alleges that Williams Field Services Group, Inc. is the general partner of Gulf Coast Company; Williams Field Services Group, LLC is a partner in Gulf Coast Company; and that Williams Energy Services is the parent company of Williams Field Services Group, LLC. (Docket Entry No. 25, Ex. A, at ¶ 12–14). She has not alleged facts to state an integrated-enterprise claim for purposes of liability under Title VII or other statues that is "plausible on its face." *Twombly*, 550 U.S. at 570. It is insufficient to argue that discovery may provide a basis for adding these defendants and if it does not, Jurek will move to dismiss them. (Docket Entry No. 25, at 5). In two recent cases, the Supreme Court has emphasized that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on whether limited discovery might provide a basis for the pleadings. *See Iqbal*,129 S.Ct. at 1953 (quoting *Twombly*, 550 U.S. at 559).

Jurek has already sued the "Williams Companies" and a number of affiliates. She has sued her employer. There is no issue as to whether that employer is covered by the statutes or whether she named that employer in her EEOC charge. The allegations in the proposed amended complaint disclose no basis to allow a pleading amendment to add three other entities as defendants.

## IV.     Conclusion

The motion for leave to amend is granted as to the addition of Williams Field Services–Gulf Coast Company LP and the correction of the name of Unum Life Insurance of America, and the added claims for violations of the ADA, ADEA, Title VII, and the retaliation claims under the FMLA and ERISA.  The motion for leave to amend to add Williams Field Services Group, Inc., Williams Field Services Group, LLC and Williams Energy Services as defendants is denied.

SIGNED on June 17, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge